Circuit Court of Cuyahoga County.

MAGGIE ILKOVIS v. JOSEPH CONRAD ET AL.

Decided, November 10. 1905.

*Fraudulent Conveyance—Who May be a Creditor.*

1. One who holds a judgment against another for a wrong sounding in tort ·may maintain an action to set aside a conveyance in fraud of creditors.
2. Any one is a creditor who has a right by law to demand and recover from another a sum of money on any account whatever.

*W. C. Rogers,* for plaintiff.
*Aaron Hahn* and *Hills, McGraw & Van Derveer,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was ·an action to set aside a deed from defendant, Joseph Conrad, to his son, George J. Conrad, and subject the property therein described, one parcel on Broadway in the city of Cleveland and the other on Pulaski street in the same city of Cleveland, to the payment of a judgment obtained by plaintiff against said Joseph Conrad in an action in tort.

Plaintiff having brought suit on her said claim against Joseph Conrad; trial was had which resulted in a verdict for plaintiff, but defendant's motion for a new trial was granted on March 24, 1902. The next day, March 25, 1902, defendant executed the deed in question, to his son, but the wife of said Joseph Conrad and step-mother of this son, George, did not sign said deed or release her dower in the premises.

April 1, 1902, George deeded the Broadway property to the defendants, Cianciola, and the wife of the father signed said deed, relinquishing her dower in that parcel.

April 7, 1902, upon re-trial of said action, plaintiff again prevailed and recovered judgment against said Joseph Conrad.

We are not disposed to interfere with the present title to the Broadway property, for the Cianciolas appear to have paid full value therefor, without notice of any of plaintiff's claim.

As to the Pulaski street property, in addition to the suspicious nature of the transaction between father and son occurring at the time it did, and the fact that the father still continues in the receipt of the rents and profits of the premises, we are satisfied, from the evidence, that the son never paid the father any consideration for the transfer.

Father and son both testify that the son paid the father $4,000 in cash at about the time the deed in question was delivered, and both claim that they kept this large amount in cash in the house, the son being unmarried and living with the father. The father says he frequently scolded the son for keeping so much money in the house, but from his own story, he did the same thing himself. He accounts for the disbursement of this money in the payment of certain debts and mortgages on the Broadway property, but we think that all the money he used in the manner he claims, came from the purchasers of the Broadway property, all of which he himself received, both the cash paid and proceeds of the mortgage given by said purchasers.

Evidently to help out this situation, anticipating that the court might find that said $4,000, the full value of both premises, was not paid in cash, notwithstanding the sworn statement of both father and son that it was so paid, both testify that as additional compensation the son verbally agreed to support his father and mother so long as they might live. *"Falsus in uno, falsus in omnibus."*

The statement is not to be believed, especially in view of the explanation accompanying it, that he made this promise to secure a release of his step-mother's dower, she refusing to sign the deed, because if she did, after the father's death the step-son might turn her out of doors. *She has not yet relinquished her dower in the Pulaski street property.* She probably signed the deed to the Broadway property because the purchasers did pay for that property.

We find that Joseph Conrad deeded the Pulaski street property to his son, George J. Conrad, without consideration, for the purpose of putting it beyond the reach of his creditors, and particularly for the purpose of hindering, delaying and defrauding the plaintiff.

The proposition that because the judgment of plaintiff is based upon a demand arising in tort, he is not entitled to the benefit of the statutes, 4196, 6343 and 6344, which authorize actions by creditors to set aside fraudulent conveyances, is not sustained by authority. *Wait on Fraudulent Conveyances,* 123, and cases cited in note.

In *Stanley* v. *Ogden,* 2 Root (Conn.), 261, quoted with approval in *Walsh* v. *Miller,* 51 Ohio State, 462, 486, it is said: "He is a creditor who has a right by law to demand and recover of another a sum of money on any account whatever."

Decree may be drawn as prayed for with reference to the Pulaski property.